## SMITH v LEE et

Ohio Appeals, 2nd Dist, Franklin Co

No 2115. Decided March 1, 1932

Butler, Carlile & Bartlett, Columbus, for plaintiff in error.

William H. Meyers, Columbus, Paul R. Gingher, Columbus, and W. B. McLeskey, Columbus, for defendant in error.

HORNBECK, J.

We have read the very able opinion of Judge Randall and are in accord with his conclusion and adopt his opinion.

The language of the item is uncertain. No construction that has been suggested is entirely convincing as being correct.

It is the claim that it was the intent of the testator to give Nancy J. Lemon, her heirs and representatives, Debby A. Everett, her heirs and representatives, and Fannie Leonard, her heirs collectively, one share of three-fourths which remained after the foster daughter Mae E. Lee secured her one-fourth, and that the other three shares or three-fourths of three-fourths passed to Mary Saffell Smith.

The difficulty of this construction will appear by quotation from a part of the item:

"The balance to be divided between * * * Nancy J. Lemon * * *and * * * Debby A. Everett ⁚ * ⁚ and to my deceased brother's daughters Fannie Leonard * * * one share —* ⁚ *".

It will be observed that all the legatees following Mae E. Lee have been named or included within the descriptive language prior to the expression "one share"; that is to say, when the testator said "to my deceased brother's daughters" he included not only Fannie Leonard but Mary Saffell Smith. This is convincing that the term "one share" did not relate back to Nancy J. Lemon and Debby A. Everett, but pertained only to Fannie Leonard. Construing "one share" as pertaining only to Fannie Leonard, it becomes intelligible in conjunction with the further provision for three shares to Mary Saffell Smith, thus apportioning one-fourth of three-fourths to Fannie Leonard and Mary Saffell Smith, Mrs. Smith taking three shares thereof and the one share thereof to Fannie Leonard. This construction is reasonable also because it

groups sisters, their heirs or representatives, and daughters or representatives of a deceased brother of testator in the same relative status toward the testator. This is the normal relation that the legatees would sustain toward the testator. That is to say, that he would reward equally sisters, if living, and representatives of a deceased brother.

It seems probable that the testator divided his estate into fourths giving clearly one-fourth to his foster daughter, Mae E. Lee, one-fourth to his sister Nancy J. Lemon, and her children or their heirs, one-fourth to his sister Debby A. Everett, or her heirs, and one-fourth to Fannie Leonard, or her heirs, apportioning the last one-fourth, however, to representatives of a deceased brother, one part to Fannie Leonard and three parts to Mary Saffell Smith, "as partial reward for her kindness and attention to her mother who has been an invalid for so many years also to myself."

We regret that we do not have the assurance that the determination of the meaning of this will is the true construction. The language employed tends to confuse and it is impossible to analyze it so that it is completely intelligible.

However, this cause comes to us on error and we believe the trial court was correct. In any event it does not appear that he erred in the judgment entered. We therefore affirm the judgment.

ALLREAD, PJ, and KUNKLE, J, concur.